Dear Mr. Coreil:
We received your request for an opinion on behalf of Hospital Service District No. 1 of the Parish of Evangeline (HSD) regarding Ville Platte Medical Center, Inc. (VPMC). More specifically, you inquire as to the public or quasi-public status of VPMC.
Based upon the materials you provided to us, VPMC is a private, non-profit corporation. Pursuant to Article 2 of the Articles of Incorporation of VPMC, the corporation was organized for charitable, educational and scientific purposes and for the operation of licensed hospitals.
VPMC currently manages the operation of Ville Platte Medical Center pursuant to a lease between it and HSD, which was created by the Evangeline Parish Police Jury. Your inquiry arises in response to a recent audit of VPMC made by a private CPA firm as required by Section 21 of the lease. The audit claims that VPMC is a quasi-public entity and therefore should be subject to Louisiana's Open Meetings Law, Public Bid Law, and that it should be subject to the Louisiana State Bond Commission.
The land and hospital itself are owned by HSD. Pursuant to the lease, VPMC manages and operates the hospital. HSD, as lessor, receives rent from VPMC which in turn is used to satisfy the bond payments of HSD.
VPMC was created pursuant to Louisiana's corporation laws. Its members and directors are private citizens, none of whom were appointed by any public entity. It is operated and maintained by membership dues, assessments, and endowments as the Board of Directors deems necessary and appropriate, along with revenues of operation.
As we previously opined, quasi-public bodies are not strictly private bodies. They are not primarily funded by public funds; and, they are not organized to serve a public purpose or provide a public service. Strictly private bodies are those whose direct objective is to promote private interests or those bodies which derive nothing from the government except the right to be a corporation. See Attorney General Opinion No. 93-595.
You refer to La.R.S. 24:513 in the request which addresses the powers and duties of legislative auditors. La.R.S. 24:513
A(1)(b) defines a quasi-public agency or body as follows:
 (i) an organization created by the state of Louisiana or any political subdivision or agency thereof to perform a public purpose;
 (ii) an organization that is a component unit of a governmental reporting of a governmental reporting entity as such is defined under generally accepted accounting principals;
 (iii) an organization created to perform a public purpose and having one or more of the following:
 (aa) the governing body is elected by the general public;
 (bb) the majority of the governing body is appointed by or authorized to be appointed by a governmental entity;
 (cc) the entity is a recipient of the proceeds of ad valorem tax or general sales tax levied specifically for its operations;
 (dd) the entity is able to directly issue debt, the interest on which is exempt form federal taxation;
 (ee) the entity can be dissolved unilaterally by a governmental entity and its net assets assumed without compensation by the governmental entity;
 (iv) or a not-for-profit organization which receives and/or expends in excess of twenty-five thousand dollars in local and/or state assistance in any fiscal year.
Members of VPMC's Board of Directors were not elected by the general public nor were the Board members and officers appointed by a governmental entity. VPMC is not the recipient of the proceeds of an ad valorem tax or a general sales tax levied specifically for its operations. VPMC does not receive local and/or state assistance. Thus, based upon the definition of quasi-public in this statute, VPMC is not a quasi-public body.
Additionally, our jurisprudence dictates that one must consider the purpose for which the entity was created, i.e. for public purposes only. One must also consider if the corporation is subject to control by a public authority. See Attorney General Opinion No. 93-707.
In light of the above, it is our opinion that Ville Platte Medical Center, Inc. is not a quasi-public entity. The parish governing authority did not create it and it is not the recipient of public assistance. It was not created solely for a public purpose nor is it controlled by the local governing authority.
We trust that this adequately responds to your request. If you have any questions or comments, please contact us.
With kindest regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt
DATE RECEIVE: July 10, 2001
DATE RELEASED: August 23, 2001